UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL GUERRERO,<br><br>  Defendant. | CASE NO. CR17-5469 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Daniel Guerrero's pro se motion for compassionate release/reduction in sentence, Dkt. 49, and motion to appoint counsel, Dkt. 50. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In November 2017, Guerrero was charged by indictment with one count of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Dkt. 10. In October 2018, Guerrero pled guilty to the single count. Dkt. 39. He was sentenced to 120 months imprisonment and 5 years

ORDER - 1

supervised release in December 2018. Dkts. 47; 48. Guerrero is currently housed at the United States Penitentiary in Lompoc, California ("USP Lompoc") and is scheduled to be released on April 25, 2026.

On March 2, 2021, Guerrero filed the instant pro se motion for compassionate release/reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 49, and a motion to appoint counsel, Dkt. 50. On March 19, 2021, the Government responded, Dkt. 56, and filed a motion to seal, Dkt. 56.[1] Guerrero did not reply.

## II. DISCUSSION

**A.     Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

---

[1] The Government requests that the Court seal the exhibit filed in support of its opposition because the exhibit contains personal information. The Court agrees that the information should remain under seal and **GRANTS** the motion.

>exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons warrant such a reduction;
>    ***
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

>[T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>    (1)(A) Extraordinary and compelling reasons warrant the reduction;
>    ***
>    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>    (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining many circuits across the country. *See United States v. Aruda*, __ F.3d __,

ORDER - 3

2021 WL 307884, at *4 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease*, see United States v.*

*Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Guerrero has extraordinary and compelling reasons. *See Aruda*, 2021 WL 1307884, at *4 ("district courts are 'empowered . . . to consider *any* extraordinary and compelling reason

ORDER - 5

for release that a defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis and alteration in original)).

Guerrero previously contracted COVID-19 in May 2020. Dkt. 49 at 5. He argues that he continues to experience long-term symptoms from COVID-19 and that his chronic medical conditions create an increased risk of severe reinfection, which together establish extraordinary and compelling reasons to warrant his release. *Id.* at 5–6.

While there are documented instances of a recovered COVID-19 patient becoming reinfected in the United States, it appears that such reinfections are rare.[2] Therefore, the Court finds Guerrero has failed to meet his burden of proof showing that he specifically remains reasonably susceptible to reinfection. The Court understands that the scientific community's understanding of the virus is evolving, and it may be possible that new scientific evidence will emerge as to reinfection. But it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (W.D. Wash. Oct. 8, 2020).

Further, the fact that Guerrero continues to experience sequelae from having contracted COVID-19 puts him in no different circumstances than many prisoners living

---

[2] *See* Jason Gale, *Can You Get Covid Twice? What Reinfection Cases Really Mean*, The Washington Post, https://www.washingtonpost.com/business/can-you-get-covid-twice-what-reinfection-cases-really-mean/2021/04/11/1c738674-9b29-11eb-b2f5-7d2f0182750d_story.html (Apr. 12, 2021) (collecting studies on reinfection rates and reporting that a Dutch news agency has recorded only 71 reinfection cases globally as of April 2021).

in custody with chronic medical conditions. Defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.

At this time, because Guerrero has already been infected, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release. His motion for compassionate release is, therefore, denied without prejudice.

**B.  Motion to Appoint Counsel**

Guerrero additionally moves the Court to appoint counsel. Dkt. 50. However, Guerrero still has an appointed public defender. His motion is, therefore, denied as moot. Either Guerrero or his counsel may field a renewed motion for compassionate release at their discretion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Guerrero's pro se motion for compassionate release/reduction in sentence, Dkt. 49, and motion to appoint counsel, Dkt. 50, are **DENIED** and that the Government's motion to seal, Dkt. 56, is **GRANTED**.

Dated this 15th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge